## RESTRICTIVE COVENANTS AS TO BUILDING.

Circuit Court of Cuyahoga County.

FRED AND LOUISE SEYFRIED v. GEORGE SWITZER.

Decided, June 3, 1907.

*Covenants—Building Restrictions Not Enforceable Where Without Equity.*

Where plaintiff's lot was sold to him without restrictive covenants, and defendant owns the next two lots, the deed for one of which contains restrictive covenants, which are not in the deed for the other, plaintiff can not enjoin defendant from building upon both lots though as to one lot the building will be a violation of the covenant in the deed.

*Ford, Snyder & Tilden,* for plaintiffs.
*W. H. Boyd,* contra.

WINCH, J.; HENRY, J., and MARVIN, J., concur.

This is an action in which the plaintiffs pray that the defendant be enjoined from building the southerly half of his apartment house within fifteen feet of the sidewalk line.

Plaintiffs own lot 33 on the westerly side of Eaton street, and defendant owns lots 24 and 25, which are immediately south of plaintiff's lot. C. C. Baldwin opened up and dedicated the subdivision of which these lots are part. He adopted no general scheme as to the property, but sold some lots with building restrictions and many more without. As to the three lots in question he first sold the middle lot, number 24, without any restrictions. He next sold lot 25 south of lot 24 inserting in the deed the building restriction mentioned. These two lots now belong to defendant. Thereafter he sold lot 23, north of lot 24, without restrictions in the deed, and this is plaintiff's lot.

Plaintiffs claim that the restriction as to lot No. 25 was inserted by Baldwin for the benefit of his remaining land and that, being the subsequent grantees from Baldwin, it inures to their benefit.

We think plaintiffs have failed to prove their claim by any satisfactory evidence. It is not at all clear that the restriction as

to lot 25 was inserted for the benefit of lot 23, for Baldwin had previously parted with the title to lot 24 without restrictions.

Nor can we see that any benefit would follow to plaintiffs or any lot owner north of them, by enforcing the restriction as to lot 25, while none can be enforced as to lot 24, or, indeed, as to plaintiffs' own lot. On the other hand, serious loss would result to defendant by granting the relief prayed for.

Being without equity, the petition is dismissed.